**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| TARONTAE D. JACKSON, | Case No. 2:24-cv-02414-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| MEDINA., | |
| Defendant. | |

Plaintiff Tarontae D. Jackson brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered at High Desert State Prison. ECF No. 1-1. On January 10, 2025, this Court ordered Jackson to file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee on or before March 11, 2025. ECF No. 3. The Court warned Jackson that this action could be dismissed if he failed to do so. That deadline expired, and Jackson did not file a fully complete application to proceed *in forma pauperis*, pay the full $405 filing fee, or otherwise respond.

**I.   DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v.

1  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court
2  order). In determining whether to dismiss an action on one of these grounds, the Court must
3  consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to
4  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
5  disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re
6  Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v.
7  U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)).

8        The first two factors, the public's interest in expeditiously resolving this litigation and the
9  Court's interest in managing its docket, weigh in favor of dismissal of Jackson's claims. The
10 third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a
11 presumption of injury arises from the occurrence of unreasonable delay in filing a pleading
12 ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th
13 Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is
14 greatly outweighed by the factors favoring dismissal.

15       The fifth factor requires the Court to consider whether less drastic alternatives can be
16 used to correct the party's failure that brought about the Court's need to consider dismissal. See
17 Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less
18 drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor);
19 accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the
20 persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic
21 alternatives prior to disobedience of the court's order as satisfying this element[,]" *e.g.*, "initial
22 granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" has
23 been "eroded" by Yourish). Courts "need not exhaust every sanction short of dismissal before
24 finally dismissing a case but must explore possible and meaningful alternatives." Henderson v.
25 Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed
26 until and unless Jackson either files a fully complete application to proceed *in forma pauperis* or
27 pays the filing fee, the only alternative is to enter a second order setting another deadline. But
28 repeating an ignored order often only delays the inevitable and squanders the Court's finite

resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Jackson needs additional time or that he did not receive the Court's order. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

## II. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that this action is **DISMISSED without prejudice** based on Jackson's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee in compliance with this Court's January 10, 2025 (ECF No. 3) Order. The Clerk of Court is directed to close this case. No other documents may be filed in this now-closed case except as described below.

**IT IS FURTHER ORDERED** that Jackson may move to reopen this case and vacate the judgment by filing a motion for reconsideration of this order within 28 days. In this motion, Jackson must explain what circumstances prevented him from paying the filing fee or filing a complete application to proceed *in forma pauperis* by the March 11, 2025 deadline. If the Court finds there to be good cause or a reasonable explanation for the delay, the Court will reopen this case and vacate the judgment.

**DATED:** June 10, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**